**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000787
30-JUN-2015
08:51 AM**

NOS. CAAP-14-0000787 and CAAP-14-0000848

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-14-0000787**
STEVEN L. FISHER, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

AND

**CAAP-14-0000848**
STEVEN L. FISHER, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 12-1-0002; CR. NO. 6561)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge and Leonard and Reifurth, JJ.)

On December 28, 2011, Petitioner-Appellant Steven L.
Fisher (Fisher) filed a Petition for Post-Conviction Relief
(Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP)
Rule 40 (2006).  The Circuit Court of the Third Circuit (Circuit
Court)[1] orally denied the Petition at a hearing held on March 28,
2014.  On May 20, 2014, the Circuit Court issued its written
decision denying the Petition by filing the "Order on Petition to

---

[1] The Honorable Greg K. Nakamura presided.

Vacate, Set Aside or Correct Judgment Made Pursuant to Rule 40 Hawai'i Rules of Penal Procedure" (Order Denying Petition).

Fisher appeals from the Order Denying Petition. Based on Apprendi v. New Jersey, 530 U.S. 466 (2000), Fisher contends that: (1) the indictment was defective because it failed to properly allege a sentencing enhancement, namely, that he committed the charged murder while incarcerated and thus was subject to the increased penalty of life imprisonment without parole; and (2) that because the indictment was defective, his sentence was illegal. Fisher also contends that the Circuit Court violated his rights by holding the hearing on his Petition without permitting him to be present. We affirm.

I.

In his underlying criminal case, Fisher was indicted in 1981. The indictment charged that Fisher "did intentionally or knowingly cause the death of EDWARD C. LOWE while [Fisher] was imprisoned at Kulani Honor Camp, by striking said EDWARD C. LOWE with an axe, thereby committing the offense of Murder, in violation of Sections 707-701(1) and 706-606(a)(iv), Hawaii Revised Statutes, as amended."[2] After a jury-waived bench trial, Fisher was found guilty as charged. The Circuit Court sentenced Fisher to life imprisonment without the possibility of parole,

_____

[2] At the time relevant to this case, HRS §§ 707-701 (1985) and 706-606(a)(iv) (1985) provided as follows:

§707-701 **Murder.** (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

(2) Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606.

§706-606 **Sentence for offense of murder.** The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:

(a) Life imprisonment without possibility of parole in the murder of:

. . .

(iv) A person while the defendant was imprisoned.

2

and it ordered the Director of the Department of Social Services and Housing and the Hawaii Paroling Authority to prepare an application to commute Fisher's sentence to life imprisonment with the possibility of parole after twenty years of imprisonment. The Circuit Court filed its Judgment on September 2, 1981.

On May 16, 2001, Fisher filed a "Motion for Correction of Illegal Sentence Pursuant to HRPP Rule 35" (Rule 35 Motion), arguing that because murder was classified as a class A felony at the time of his offense, he should have been sentenced to 20 years of imprisonment under HRS § 706-659 (1985). On July 20, 2001, the Circuit Court denied the Rule 35 Motion. Fisher filed a notice of appeal, but the Hawaiʻi Supreme Court dismissed his appeal on the ground that it was untimely. State v. Fisher, No. 24915, 2002 WL 31873648 (Hawaiʻi Dec. 23, 2002).

Fisher filed the Petition in this case on December 28, 2011, alleging that (1) the indictment was defective; (2) delays in the State's filing of its motion to impose a sentence of life without parole violated his right to due process; and (3) his trial counsel provided ineffective assistance by failing to object to the State's motion. On March 15, 2012, the Circuit Court appointed Ivan Van Leer (Van Leer) as counsel to represent Fisher in the HRPP Rule 40 proceedings. However, on June 4, 2012, Fisher himself (and not through counsel) filed a motion requesting that hearings be held via telephone conference. In the motion, Fisher explained that he was being held at the Saguaro Correctional Center in Eloy, Arizona and that "with the State's current budget short-falls it would be an added strain on the State's budget to bring [him] back to the State of Hawaii when a tele-Conference would be much more appropriate."

On March 28, 2014, the Circuit Court held a hearing on Fisher's Petition. Van Leer was present and stated that "Mr. Fisher is on my cell phone and, um, I guess we're ready to proceed." After hearing argument from both parties, the Circuit Court orally denied the Petition, ruling on the merits that

3

Fisher was not entitled to relief and also concluding that the issues raised by Fisher had been previously ruled upon in 2001 when his Rule 35 Motion had been denied. After the Circuit Court announced its oral ruling, Van Leer asked Fisher, "did you hear all that?" Fisher responded, "I heard some noise, I couldn't understand what was being said." Van Leer did not assert an objection based on Fisher's comment, and Van Leer simply said, "Alright. Thank you." The hearing then concluded.

On May 20, 2014, the Circuit Court filed its written Order Denying Petition, stating that the Petition was denied pursuant to HRPP Rule 40(a)(3) on the ground that the issues raised by Fisher had previously been ruled upon in connection with the denial of Fisher's Rule 35 Motion.

II.

We resolve the issues raised by Fisher as follows:

1.    The Circuit Court properly denied Fisher's Petition because the issues he raised were previously ruled upon or were waived. See HRPP Rule 40(a)(3). Moreover, assuming *arguendo* that Fisher is entitled to review of his substantive claims, we conclude that they are without merit. Fisher cites Apprendi in support of his argument on appeal that his indictment was defective and his sentence was illegal. However, Fisher's conviction became final long before Apprendi was decided, and it is well established that Apprendi does not apply retroactively. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005). We conclude that Fisher is not entitled to relief on his claims that his indictment was defective and his sentence was illegal.

2.    We reject Fisher's claim that the Circuit Court violated his rights by holding the hearing on his Petition without permitting him to be present. HRPP Rule 40(f) provides that "[t]he petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is

4

litigated." Fisher does not show that a material question of fact was litigated at the hearing on his Petition. Fisher was represented by counsel at the hearing. Fisher does not provide any authority demonstrating that under the circumstances of this case, his rights were violated by the manner in which the hearing on his post-conviction Petition was conducted.

II.

For the foregoing reasons, we affirm the Order Denying Petition.

DATED: Honolulu, Hawai'i, June 30, 2015.

On the briefs:

Ivan L. Van Leer
for Petitioner-Appellant

Kevin S. Hashizaki
Deputy Prosecuting Attorney
County of Hawai'i
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

5